IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

RONALD BRUCE TERRY,　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　　　*　　　CV 326-011
　　　　　　　　　　　　　　　　　　　　*
WELLS FARGO BANK, N.A.,　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　Defendant.　　　　　　　　　　*

## O R D E R

Plaintiff Ronald Bruce Terry, who is proceeding *pro se*, filed this lawsuit in the Superior Court of Dodge County. Defendant Wells Fargo Bank, N.A., removed the case to this Court on February 20, 2026, and has now filed a motion to dismiss the case, which is ripe for consideration.

## I.    BACKGROUND

Plaintiff's complaint essentially contains only two factual allegations. First, that Wells Fargo foreclosed on a loan that had been canceled. (Compl., Doc. No. 1-1, ¶ 4.) Plaintiff attaches a document to his Complaint in support of this factual allegation, Exhibit A, which lists a property address of 172 W. Campbellton Street, Fairburn, Georgia ("Fairburn Property"). Second, that Plaintiff suspects fraudulent activity. (Id. ¶ 5.)

Plaintiff attaches six additional documents to his complaint, only one of which references Wells Fargo.[1]  Plaintiff claims that the signature pages in some of the documents do not match.  (Id. ¶¶ 6-9.)

There are three substantive claims in the complaint.  Count One is a claim of forgery, in which Plaintiff cites O.C.G.A. § 16-9-1.  Count Two is a fraud claim under state law.  Count Three is a claim of intentional infliction of emotional distress.  Wells Fargo moves to dismiss all three counts.

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted."  To void dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   Rule 12(b)(6) does not test whether the plaintiff will ultimately prevail on the merits of the case; it tests the legal sufficiency of the complaint.  Harris v. Proctor

---

[1] Exhibits A through G list "World Savings" as the lender and Plaintiff as the borrower.  Exhibit G is the first page of a Settlement Statement for a loan on the Fairburn Property, again with World Savings as the lender, not Wells Fargo.  The settlement date on the property is March 28, 2007.

2

& Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 2014) (citation omitted). When no construction of the factual allegations of the complaint will legally support the asserted cause of action, dismissal of the complaint is appropriate. See Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015).

## II.   LEGAL ANALYSIS

### A.  Forgery (Count One)

In Count One, Plaintiff alleges that Wells Fargo "knowingly made, altered, or used a written instrument purporting to be made by Plaintiff with intent to defraud." He cites to the Georgia criminal statute for forgery, O.C.G.A. § 16-9-1, as the legal basis for his claim. This statute, however, does not create a private right of action. Malone v. Northpointe Bank, 2024 WL 4575703, at *6 (N.D. Ga. Sept. 30, 2024). Accordingly, Plaintiff has not stated a legally cognizable claim for forgery in Count One.

### B.   Fraud (Count Two)

To state a claim for fraud under Georgia law, a plaintiff must show the following elements: (1) a false representation by a defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. Engelman v. Kessler, 797 S.E.2d 160, 166 (Ga. Ct. App. 2017). Further, Federal Rule of Civil

Procedure 9(b) requires a plaintiff to plead fraud with particularity. That is, Rule 9(b) requires a plaintiff to allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled [the plaintiff]; and (4) what the defendant[] gained by the alleged fraud." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoted source omitted).

The complaint in this case is bereft of factual content that would support the elements of a fraud claim, and it falls well short of the Rule 9(b) pleading standard. Plaintiff does not describe what fraudulent statement was made, who made it, when it was made, or how any statement that was made misled him. In his response in opposition to the motion to dismiss, Plaintiff does not address the lack of factual allegations supporting his fraud claim. For instance, there is no mention of any misrepresentation made by Wells Fargo. Instead, Plaintiff focuses on Wells Fargo's apparent confusion as to the actual date of the foreclosure and its lack of explanation as to the allegedly dissimilar signatures. Plaintiff attaches additional documents to his responsive brief, which, while they provide some context into the relationship between World Savings (the subject loan's originator) and Wells Fargo, cannot be considered by the Court on a motion to dismiss.

4

Based upon the foregoing, the Court readily concludes that the Complaint fails to state a claim upon which relief may be granted for fraud.

C.   Intentional Infliction of Emotional Distress (Count Three)

To state a claim for intentional infliction of emotional distress under Georgia law, a plaintiff must show the following elements: "(1) defendant's conduct was intentional or reckless; (2) defendant's conduct was extreme and outrageous; (3) a causal connection existed between the wrongful conduct and the emotional distress; and (4) the emotional harm was severe." Jefferson v. Houston Hosps., Inc., 784 S.E.2d 837, 843 (Ga. Ct. App. 2016) (quoted source omitted).   For conduct to be "extreme and outrageous," it must "go beyond all possible bounds of decency, and to [] regarded as atrocious, and utterly intolerable in a civilized community." Abdul-Malik v. AirTran Airways, 678 S.E.2d 555, 559 (Ga. Ct. App. 2009) (quoted source omitted).

With respect to any claim of intentional infliction of emotional distress, Plaintiff does nothing more than make conclusory statements in recitation of the elements of a cause of action.   He states only that Wells Fargo's conduct was "extreme, outrageous, and intended to cause or recklessly disregard the likelihood of causing severe emotional distress."   (Compl. ¶ 12.) He fails to allege any facts that would demonstrate the type of

5

conduct that rises to the level of extreme and outrageous conduct, and he fails to allege that he suffered extreme harm. Even assuming, however, that Wells Fargo wrongfully foreclosed on the Fairburn Property, this fact alone is insufficient to support a claim of intentional infliction of emotional distress. See McGinnis v. Am. Home Mtg. Serv., Inc., 817 F.3d 1241, 1257-58 (11th Cir. 2016). "Sharp or sloppy business practices, even if in breach of contract, are not generally considered as going beyond all reasonable bounds of decency as to be utterly intolerable in a civilized community." United Parcel Serv. v. Moore, 519 S.E.2d 15, 17 (Ga. Ct. App. 1999).

Given the lack of any factual allegation that would support a claim of extreme and outrageous conduct, Plaintiff not only has failed to state a claim for intentional infliction of emotional distress, but even assuming wrongful foreclosure, he is unable to do so as a matter of law.

### III.  CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted in his threadbare complaint. In light of his *pro se* status, however, Plaintiff will be afforded one opportunity to file an amended complaint to provide additional factual detail on his fraud claim. See Lee v. Alachua Cnty., 461 F. App'x 859, 860

6

(11th Cir. 2012).  Amendment to his claims of forgery and intentional infliction of emotional distress would be futile.

Upon the foregoing, Defendant Wells Fargo's motion to dismiss (doc. no. 5) is **GRANTED IN PART**.  Plaintiff's claims of forgery and intentional infliction of emotional distress are dismissed. If he so chooses to proceed, Plaintiff is directed to file an amended complaint no later than July 31, 2026.  Plaintiff should take into account the Court's analysis of his pleading deficiencies on this claim and set forth factual allegations – pled with particularity – that would support a claim of fraud by Defendant Wells Fargo.  Any failure to do so will result in dismissal of the case.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE